# UNITED STATES

## *v.*

# SCHOONER W. H. MOODY, HER BOATS, TACKLE, APPAREL, AND FURNITURE.

---

San Juan, Admiralty, No. 1448.

PROHIBITION.

**Prohibition—Master Ignorant of Liquor on Vessel.**
Where intoxicating liquor is brought into the Island of Porto Rico upon a vessel, if it clearly appears that the master of the vessel had no knowledge that such intoxicating liquor was in the vessel, and the court is satisfied that there was no intent to defraud the United States, the libel should be dismissed.

Opinion filed November 18, 1921.

---

*Mr. Miles M. Martin,* Former United States District Attorney, and *Mr. Ira K. Wells,* United States District Attorney, for libellant.

*Messrs. Soto Gras & Siaca* for claimant.

ODLIN, Judge, delivered the following opinion:

The libel in this case was filed on January 8, 1921, and seeks the condemnation of the above-named vessel because she

United States v. Schooner W. H. Moody.

had been seized by the collector of customs for the district of Porto Rico in the month of December, 1920, for the reason that she arrived at the port of San Juan, Porto Rico, from some port in the Republic of Santo Domingo, which of course was a foreign port, having concealed on board twenty-three cases of brandy not manifested or shown on the store list of the ship, and the manifest and store list were presented to the boarding officer of the United States Customs at San Juan; and it is further charged that the master of the schooner was a consenting party to said concealment of the brandy and knowingly failed to manifest or enter the said brandy on the store list as aforesaid.

An amendment to the libel was filed on March 21, 1921, by the Honorable Miles M. Martin, who was United States district attorney at that time, in which he specifically avers that the concealment of the said brandy and the failure to manifest the same were done with the intent of defrauding the United States of the tax on the said brandy. On July 16, 1921, an answer was filed setting forth that the said schooner was an American schooner; that it was owned by one Hidalgo; that it was commanded by Captain L. A. Blom. The answer admits that the schooner arrived at San Juan with the brandy on board and that the same was not manifested or shown on the store list of the ship. But the answer denies that the master of the said schooner had any knowledge whatever that the said brandy was in the schooner, and denies any intent whatever to defraud the United States in any way.

The testimony taken in the case made it very clear to the court that the brandy was placed upon the schooner without the knowledge of the captain, and that it was probably done by some

member of the crew, who hid the brandy under a lot of scrap iron, and that this member of the crew intended to remove the brandy upon the arrival of the schooner at San Juan and to dispose of the same.

The collector of customs and the district attorney who filed the libel charged a violation of § 3088 of the Revised Statutes of the United States, Comp. Stat. § 5792, 2 Fed. Stat. Anno. 2d ed. p. 1173.

This case was submitted to this court some months previous to this decision, and the decision was purposely delayed because the court had received information that cases similar to this were pending in Federal courts in the States, and by reason thereof it seemed wise to delay the decision of this case until this court could obtain copies of the other decisions.

United States District Judge Call of the southern district of Florida had refused to forfeit a certain automobile which had been libeled under United States Revised Statutes, § 3450, Comp. Stat. § 6352, 4 Fed. Stat. Anno. 2d ed. p. 311, it being claimed by the United States attorney that at the time of the seizure of the automobile it was being used in the removal, deposit, and concealment of distilled spirits on which the tax had not been paid, at a place other than one authorized by law, and that this was done with the intent to defraud the United States of the tax thereon. It was admitted that these acts took place after the Volstead Law took effect, and it was conceded that the libel did not allege any facts justifying the forfeiture under said Volstead Act. After Judge Call rendered his decision against the United States attorney, an appeal was taken by the latter to the circuit court of appeals for the fifth circuit. That court on July 25, 1921 [United States v. One Haynes Auto]

United States v. Schooner W. H. Moody.

affirmed the judgment which had been entered by Judge Call in an opinion found at p. 926 of 274 Fed. This opinion specifically cites a decision of the Supreme Court of the United States rendered June 1, 1921, in the case of United States v. Yuginovich, reported in 256 U. S. p. 450, 65 L. ed. 1043, 41 Sup. Ct. Rep. 551.

In addition to this decision of Judge Call affirmed at New Orleans, there is a recent decision of District Judge Tuttle sitting in the eastern district of Michigan, United States v. One Hudson Touring Car, reported in 274 Fed. 473. This decision was rendered August 26, 1921, and specifically holds that the provisions of the customs laws, providing that every vehicle carrying merchandise subject to duty or unlawfully imported shall be subject to seizure and forfeiture, have been repealed in so far as the same relate to intoxicating liquors imported into the United States for beverage purposes; such repeal being accomplished by the national prohibition act, popularly known as the Volstead Act, the latter covering the subject-matter fully in title 2, § 25. This was a case where an automobile was secretly and clandestinely bringing whisky into Michigan from Canada. There had been no conviction of any person, as provided by the Volstead Act. The United States district attorney asked the court to declare a forfeiture of the said automobile. This the court declined to do.

The attention of this court has also been called to a case not reported but which had been filed against the steamer "Tuscan" by the United States attorney for the southern district of Alabama. This case was heard at Mobile, and the district judge sustained the libel previous to the decision at New Orleans, above referred to. After that decision at New Orleans the

United States v. Schooner W. H. Moody.

United States attorney for the southern district of Alabama dismissed his own libel.

For the reasons above set forth, this court is of the opinion that the present libel cannot be sustained, and it is ordered dismissed without costs to the claimant; and it is also ordered that, inasmuch as the claimant of the schooner "W. H. Moody" had filed a bond in this court, the said bond is hereby declared canceled and the sureties released.